UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-7966-DMG (RAOx) | Date | June 15, 2021 |
|---|---|---|---|
| Title | *Certain Underwriters at Lloyd's London v. Zurich American Insurance Co., et al.* | Page | 1 of 2 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)
None Present

Attorneys Present for Defendant(s)
None Present

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On August 31, 2020, Plaintiff Certain Underwriters at Lloyd's London ("Lloyd's") filed a Complaint against Defendants Zurich American Insurance Company ("Zurich") and Bigge Crane and Rigging Co. ("Bigge") asserting claims for equitable subrogation, equitable indemnity, and equitable contribution against Zurich, and express indemnification against Bigge, arising out of costs of defense and settlement in the case *Khanh Keomanee, et al. v. Suffolk Construction, et al.*, No. RG18910422 (Cal. Super. Ct. 2018) (the "*Keomanee* Action"). [Doc. # 1.]

Lloyd's asserts subject matter jurisdiction based on the existence of complete diversity, 28 U.S.C. § 1332, but the Complaint fails to adequately plead complete diversity between the parties, namely, that Defendants are citizens of a different state than Lloyd's. *Diaz v. Davis*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)); *see* Compl. at ¶¶ 1, 3-5. The Complaint states that Lloyd's is an "unincorporated association of insurance syndicates existing under the laws of the United Kingdom," consisting of several limited companies incorporated under the laws of England and Wales. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("a partnership is a citizen of all of the states of which its partners are citizens"). Other courts examining Lloyd's unique structure have noted that each syndicate is comprised of hundreds of thousands of member insurers, and each member, or "Name," must be diverse from Defendants to satisfy diversity jurisdiction. *See Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218, 1223 (N.D. Cal. 2001); *see also PHL Variable Ins. Co. v. Cont'l Cas. Co.*, No. CV 19-06799-CRB, 2020 WL 1288454, at *3 (N.D. Cal. Mar. 18, 2020) (collecting cases). Without more detailed allegations regarding the citizenship of each syndicate's Names, the Court cannot determine whether complete diversity exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-7966-DMG (RAOx) | Date | June 15, 2021 |
|---|---|---|---|

| Title | *Certain Underwriters at Lloyd's London v. Zurich American Insurance Co., et al.* | Page | 2 of 2 |
|---|---|---|---|

In light of the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** in writing by no later than **June 29, 2021** why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**